# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>29.81 ACRES OF LAND, MORE OR LESS, SITUATE IN KERN COUNTY, CALIFORNIA, et al.,<br><br>Defendants. | CASE NO.: 1:17-cv-00932-DAD-JLT<br><br>**[ ~~PROPOSED~~ ] ORDER GRANTING MOTION FOR THE DISCLOSURE OF EXPERT WITNESSES AND EXPERT DISCOVERY**<br>**(Doc. 34)** |

The defendant, Malek & Shipper, seeks an extension of time to disclose its expert. (Doc. 34) The defendant indicates that its expert has been unable to complete the report due to other assignments and his/her schedule. Id. at 3. Notably, however, the defendant fails to explain when

it retained the expert such to avoid this type of scheduling difficulty[1]. In any event, the defendant seeks a one-month extension of time for the disclosure. Id. at 34. Without explanation, the defendant also seeks an extension of all remaining case deadlines. It appears that the defendant believes, despite the scheduling conference, that the Court selected the dates without regard for the trial date; this is incorrect.[2] Thus, the Court **ORDERS**:

    1.    The case schedule is amended as follows:

          a.    The parties **SHALL** disclose their experts **no later than July 25, 2018**;

          b.    Any rebuttal experts **SHALL** be disclosed **no later than August 15, 2018**;

          c.    All expert discovery **SHALL** be completed **no later than October 2, 2018**.

**Absolutely no other modifications to the case schedule are authorized.**

IT IS SO ORDERED.

    Dated:    **June 19, 2018**                  **/s/ Jennifer L. Thurston**
                                                            UNITED STATES MAGISTRATE JUDGE

---

[1] The motion takes pains to detail that the plaintiff does not oppose the motion and that there would be no prejudice to the plaintiff if the motion is granted. However, the standard here, first and foremost, is a demonstration that the party cannot meet the deadline despite the exercise of diligence. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992) ["Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension. Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Although the existence of a degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for modification. If that party was not diligent, the inquiry should end."] There is little showing in this regard.

[2] The pretrial conference must occur at least eight weeks before the trial; the hearing on the dispositional motion must be heard at least 10 weeks before the pretrial conference and it must be filed 14 weeks before. Judge Drozd hears motions only on the first and third Tuesday. Thus, the proposed schedule is not workable.

2

**CERTIFICATE OF SERVICE**